## ARCHIBALD B. KNODE ET AL. v. EDWARD R. BALDRIDGE.

1. *Meaning of the Word Year in Instruments of Writing.*—Where the word *year* is used, its méaning must be determined from the subject matter of the contract, and the connection in which it is used. The meaning to be affixed to it, is that which will give effect to the intention of the parties.

2. *Principal and Surety.*—The statute providing for the levy and sale of a principal's property before resorting to the property of the surety, does not apply where the principal's property is in the custody of a court, as for instance, in the hands of a receiver.

Filed April 27, 1881.

Appeal from Wayne Circuit Court.

Charles H. Burchenal and B. F. Mason, for appellants, cited *Woodburn* v. *Carter*, 50 Ind. 377; *Hamilton* v. *Winterrowd*, 43 Ind. 393; *Jarvis* v. *Hyatt*, 43 Ind. 163; *Crosby* v. *Wyatt*, 10 N. H. 318; *N. H. Savings Bank* v. *Colend*, 15 N. H. 119, as to what constitutes an extension of time of payment by receiving interest, so as to release a surety; *Dickerson* v. *Board*, etc., 6 Ind, 128, 134; *Menifer* v. *Clark*, 35 Ind. 306; 2 Lead. Cases in Eq. 1908, to the effect that length of time is immaterial; Brandt on Suretyship, § 79, as to protection of surety.

Thomas J. Study, for appellee, cited *Dix* v. *Akens*, 30 Ind. 431; *Bradley* v. *Bradley*, 45 Ind. 67; *Barnes* v. *Rœmer*, 39 Ind. 589; *Rosebaum* v. *McThomas*, 34. Ind. 331; *Kent* v. *Lawson*, 12 Ind. 675; *City of Indianapolis* v. *Parker*, 31 Ind, 230; *Walpole's Adm'r* v. *Carlisle*, 32 Ind. 415, as to necessity of objecting in the trial court; *Martin* v. *Davis*, 21 Iowa, 535; Wait's Actions and Defenses, vol. 6, p. 619, par. 5, and vol. 5, p. 354, as to property in custody of court; 39 Ind. 376; 40 Ind. 253; 29 Ind. 158, 418; 15 Ind. 308; 26 Ind. 324; 41 Ind. 186; 45 Ind. 86, as to trying question of suretyship, and its effect on creditor's rights; *Keaton* v. *Cox*, 26 Ga. 162; *Battle* v. *Stephens*, 32 Ga. 25; *Fuller* v. *Loring*, 42 Me. 481; *Kendrick* v. *Price*, 16 Tex. 254; *Brown* v. *Brown*, 17 Ind. 475; *Laval* v. *Rowley*, 17 Ind. 36; *Campbell* v. *Gates*, 17 Ind 126; 15 Ind. 308; Brandt on Suretyship, par. 82, as to liability of surety before present code, 2 R. S. 1876, §§ 674, 675, 680, and explained these sections; and cited herein *Gregg* v. *Wilson*, 50 Ind. 490; *Fetrow* v. *Wiseman*, 40 Ind. 148; *Johnson* v. *Meier*, 62 Ind. 98.

Opinion of the court by Mr. Justice Elliott.

The assignment of error which first requires consideration is that based upon the ruling refusing appellants a new trial.

The material facts established by the evidence may be thus summarized: Robert Newcome and Franklin G. Newcome were

partners under the firm name of R. & F. G. Newcome, and by their firm name executed to Daniel Petty the promissory note upon which the complaint is founded. The note is dated November 9, 1872, and payable one day after date. Subsequent to the execution of the note, Robert Newcome died. In 1878, after the death of said Robert, the Wayne Circuit Court appointed Andrew S. Higgins receiver of the assets and business of the partnership.

The receiver took into possession all the property of said firm, and was in possession thereof at and before the time of the trial of this cause, but there is no evidence as to the amount or value of such assets. After the execution of the note Daniel Petty, the payee, died testate, and Eli Petty and George G. Baldridge were appointed executors, and after their appointment and qualification the executors delivered the note in suit to the appellee, Edward R. Baldridge, as devisee under the will of said Daniel Petty. Archibald B. Knode and George G. Hindman were sureties on the said note. The following endorsements were made on the note :

"Nov. 9, 1873, received the interest to date, say . . . . . . . $200
Received interest for one year, 1875 . . . . . . . . . . .  200
November 9, 1875, received interest for one year . . . . . .  200
Received interest for year 1876 . . . . . . . . . . . . .  200

There is no evidence showing that Daniel Petty the payee, knew earlier than 1874, that Knode and Hindman were sureties, but in 1874, when the payee's agent collected the interest, he did know that they were sureties.

Appellant's contention is, that when the interest for 1874 was collected an extension of time was impliedly granted for the term of six days, and the sureties thereby released. As we understand counsel's argument, it is that the year meant by the indorsement was the time intervening between December 31, 1873, and January 1, 1875. The argument is ingenious and specious, but neither meritorious nor sound. The term year does not necessarily mean the period commencing with the first day of January and ending with the 31st day of the succeeding December. When the word year is used, twelve calendar months are usually intended, but not necessarily the twelve months commencing with the first and ending

with the twelfth month of the calendar, arranged by the statute of George the Second. When the word year is used, its meaning is to be determined from the subject matter of the contract, and the connection in which it is used. The signification to be affixed to it is that which will carry into effect the intention of the parties and give to their contract the meaning and force which they intended it to have. *Thornton* v. *Boyd*, 25 Miss. 598; *Paris* v. *Hiram*, 12 Mass. 262. In the case in hand it is very clear that the parties meant the year which had passed, and not a year, nor any part of a year then in the future.

The point made that attorney's fees were allowed without evidence as to their value, is not entitled to consideration, because the motion for a new trial does not present any question as to the amount of the recovery.

The remaining question is, whether the appellants were entitled to an order directing that a levy be made upon, and a sale made of, the partnership property in the hands of the receiver before seizing the property of the appellants. The court did decree that the receiver pay into court for the use of appellee the full amount of the judgment rendered against appellants. This was as favorable an order as the appellants had any right to ask; we, indeed, are inclined to think one to which they were not at all entitled. The order could have been made effective, for in case the receiver wrongfully refused to obey it, the court, whose officer he was, could have enforced prompt and complete obedience. Ample means of enforcing the order were within reach of the parties.

It would have been error to order a seizure and sale of the property in the hands of the receiver, for it was then in the custody of the court, and was not held for the benefit of any particular creditors, but for the benefit of all. No one creditor had a right to have it seized and forced to sale upon execution for his own benefit. Our statute, providing for the levy and sale of a principal's property before resorting to that of the surety, has no application at all to a case where the principal's property is in the control and custody of the court.

Judgment affirmed.